**IN THE UNTIED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **L4T Innovations LLC,** | Case No. 2:25-cv-394 |
| Plaintiff, | Patent Case |
| v. | **JURY TRIAL DEMANDED** |
| **ecobee Technologies ULC d/b/a ecobee,** | |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

1.      Plaintiff L4T Innovations LLC ("Plaintiff") files this Complaint against Defendant ecobee Technologies ULC d/b/a ecobee ("ecobee" or "Defendant") for infringement of United States Patent No. 11,189,321 (the "'321 Patent").

**NATURE OF THE ACTION**

2.      This suit is an action for patent infringement under Title 35 of the United States Code.  Plaintiff seeks monetary damages.

3.      Plaintiff is the assignee of all rights, title, and interest in the '321 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '321 Patent.  Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for ecobee's infringement of the '321 Patent.

## THE PARTIES

4.      Plaintiff is a Michigan limited liability company with an office at 1915 North Valley View Drive, Saint Joseph, Michigan 49085.

5.      On information and belief, ecobee is a Canadian unlimited liability company with its principal place of business at 207 Queens Quay West, Suite 600, Toronto ON, M5J 1A7.

6.      On information and belief, ecobee directly and/or indirectly develops, designs, manufactures, distributes, markets, offers to sell and/or sells infringing products and services in the United States and in the State of Texas, including in the Eastern District of Texas, and otherwise directs infringing activities to this District in connection with its products and services.

## JURISDICTION AND VENUE

7.      This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284-85, among others.  This Court has original subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 and 1400(b) because, among other things, Defendant is a foreign corporation, and thus may be sued in any judicial district, pursuant to 28 U.S.C. § 1391(c)(3).  *See also In re HTC Corporation*, 889 F.3d 1349, 1357 (Fed. Cir. 2018).

9.      Defendant is subject to this Court's specific and general personal jurisdiction under due process because of Defendant's substantial business in this District, in the State of Texas, and in the United States, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in this state, in this District, and in the United States.

10.    Specifically, Defendant does business in, has committed acts of infringement in, and continues to commit acts of infringement in the State of Texas, including in this District, and in the United States, directly and through intermediaries and agents, by contributing to and through inducement of third parties, and offers its products or services, including those accused of infringement herein, to customers and potential customers located in this state, including in this District, and in the United States.

11.    Defendant has committed acts of infringement within this District, including, but not limited to, making, using, selling, offering for sale, and importing of the Accused Products, as defined *infra*.

12.    Defendant has purposefully directed infringing activities at residents of the State of Texas, and this litigation results from those infringing activities.  Defendant regularly sells (either directly or indirectly) its products within this District.  For example, upon information and belief, Defendant has placed and continues to place the Accused Products into the stream of commerce via an established distribution channel with the knowledge or understanding that such products are being and will continue to be sold in this District and the State of Texas.  Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and the Texas Long Arm Statute due to its substantial and pervasive business in this State and District, including its infringing activities alleged herein, from which Defendant derives substantial revenue.

13.    Defendant has authorized sellers and sales representatives that offer and sell the Accused Products, among others, through the State of Texas, including in this Judicial District, and to consumers throughout this Judicial District, such as the Home Depot stores located at 411

E. Loop 281, Longview, Texas 75605; 3901 Old Jacksonville Hwy., Tyler, Texas 75701; and 2530

S. Jefferson Ave., Mount Pleasant, TX 75455, as shown in **Figure 1** and **Figure 2**:[1]



---

[1] *ecobee Smart Camera Indoor Security Camera*, HOME DEPOT, https://www.homedepot.com/p/ecobee-Smart-Camera-Indoor-Security-Camera-Wi-Fi-with-1080p-and-Night-Vision-works-with-Alexa-and-Apple-Home-Kit-EBSCV01/313599067 (last visited April 16, 2025).

14.    Defendant has also authorized sellers and sales representatives to offer and sell the Accused Products at the Best Buy store located at 422 W. Loop 281, Longview, Texas 75605, as shown in **Figure 3**:[2]



## THE ACCUSED PRODUCTS

15.    Based upon public information, Defendant owns, operates, advertises, and/or controls the website and domain https://www.ecobee.com, through which it advertises, sells, offers to sell, provides and/or educates customers about its products and services.

16.    Defendant uses, causes to be used, sells, offers for sale, provides, supplies, and/or distributes its smart camera platform and systems, including but not limited to those marketed as ecbobee's Smart Security system and products, which include, at least, ecobee's Smart Cameras (including but not limited to the ecobee SmartCamera with voice control), the ecobee mobile application for Android and iOS devices ("ecobee app"),[3] and their associated hardware and software and functionalities (the "Accused Products").  *See* **Figure 4**:[4]

---

[2] *ecobee SmartCamera with voice control*, BEST BUY, https://www.bestbuy.com/site/ecobee-smartcamera-with-voice-control-black-white/6412965.p?skuId=6412965 (last visited April 16, 2025).

[3] The ecobee app is available at the Defendant's website: https://www.ecobee.com/en-us/smart-security, and https://support.ecobee.com/s/articles/Downloading-the-ecobee-app.

[4] *ecobee SmartCamera with voice control*, ECOBEE, https://www.ecobee.com/en-us/cameras/smart-camera-with-voice-control/ (last visited April 16, 2025).



## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 11,189,321

17.     The United States Patent and Trademark Office duly issued U.S. Patent No. 11,189,321 on November 30, 2021, after full and fair examination of Application No. 16/821,423, filed March 17, 2020, which was a continuation of application No. PCT/US2018/053805, filed on October 1, 2018, and a continuation of application No. PCT/US2018/053807, filed on October 1, 2018.  These applications arose from provisional application No. 62/567,054, filed on October 2, 2017, and provisional application No. 62/572,157, filed on October 13, 2017.  A true and correct copy of the '321 Patent is attached as **Exhibit 1**.

18.     The claims of the '321 Patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve upon the function and operation of smart camera devices, among other things, by implementing a retrospective capture trigger for event marking.

19.     The written description of the '321 Patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

20.     Defendant ecobee has directly infringed and continues to directly infringe one or more claims of the '321 Patent by making, using, selling, offering to sell, providing, supplying, and/or distributing the Accused Products.

21.     Defendant ecobee has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least claims 1, 8, 9, 10, 14, and 15 of the '321 Patent, as detailed in **Exhibit 2** to this Complaint (Evidence of Use Regarding Infringement of U.S. Patent No. 11,189,321).

22.     For example, as detailed in **Ex. 2**, ecobee, through the use and provision of the Accused Products, performs a method, comprising generating real-time clock data with a real-time clock of an event marking device; generating with a trigger circuit of the event marking device, a trigger signal; identifying, from the real-time clock data with a microcontroller of the event marking device, a real time corresponding to a receipt of the trigger signal; writing, with the microcontroller, trigger signal data to a memory of the event marking device indicating the real time associated with receipt of the trigger signal; and outputting, with a communication interface of the event marking device, the trigger event data including the time of generating the trigger signal to an external device; whereby outputting the trigger event data causes the external device to preserve a recording captured at the time of the enablement of the trigger circuit.

23.     Since at least the time of receiving the Original Complaint in this action, Defendant ecobee has also indirectly infringed and continues to indirectly infringe one or more claims of the '321 Patent by inducing others to directly infringe said claims.  Defendant has induced end-users, including, but not limited to, Defendant ecobee's employees, partners, or contractors, to directly infringe, either literally or under the doctrine of equivalents, the '321 Patent by providing or requiring use of the Accused Products.  Defendant has taken active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '321 Patent, including, for example, claim 8.  Such steps by Defendant include, among other things, advising or directing personnel, contractors, or end-users to use the Accused Products in an infringing manner, and/or distributing instructions that guide users to use the Accused Products in an infringing manner.[5]  Defendant is performing these steps, which constitute induced infringement, with the knowledge of the '321 Patent and with the knowledge that the induced acts constitute infringement.  Defendant is aware that the normal and customary use of the Accused Products by others would infringe the '321 Patent.  Defendant's inducement is ongoing.

24.     Since at least the time of receiving the original complaint in this action, Defendant has also indirectly infringed and continues to directly infringe by contributing to the infringement of the '321 Patent.  Defendant has contributed to the direct infringement of the '321 Patent by its personnel, contractors, and customers.  The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '321 Patent, including, for example, claim 8.  The special features constitute a material part of the invention of one or more of the claims of the '321

---

[5] *See, e.g.*, *ecobee Support*, ECOBEE, https://support.ecobee.com/s/smart-camera-with-voice-control; https://support.ecobee.com/s/; and https://www.ecobee.com/en-us/installation/ (last visited April 16, 2025).

Patent and are not staple articles of commerce suitable for substantial non-infringing use. Defendant's contributory infringement is ongoing.

25.    Defendant had knowledge of the '321 Patent at least as of the date when it was notified of the filing of the original complaint in this action.

26.    Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus has been willfully blind of Plaintiff's patent rights.

27.    Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

28.    Plaintiff, or its predecessors-in-interest, have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '321 Patent.

29.    Plaintiff has been damaged as a result of the infringing conduct by Defendant alleged above.  Thus, Defendant is liable to Plaintiff in an amount that compensates it for such infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**JURY DEMAND**

30.    Plaintiff hereby requests a trial by jury on all issues so triable by right.

**PRAYER FOR RELIEF**

31.    Plaintiff requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

a.  A judgment that one or more claims of the '321 Patent have been infringed, either literally or under the doctrine of equivalents, by Defendant or others acting in concert therewith;

b.  A judgment and order requiring ecobee to pay Plaintiff its damages (past, present, and future), costs, expenses, and pre-judgment and post-judgment interest for ecobee's infringement of the '321 Patent;

c.  A judgment and order requiring ecobee to pay Plaintiff compulsory ongoing licensing fees, as determined by this Court;

d.  A judgment and order declaring this an exceptional case and awarding Plaintiff its reasonable attorneys' fees and costs against Defendant in accordance with 35 U.S.C. § 285; and

e.  All other and further relief as the Court may deem just and proper under the circumstances.


Dated: April 16, 2025                         Respectfully submitted,

                                              By: /s/ Laura E. Calloway

                                              Laura E. Calloway (TX Bar No. 24099661)*
                                              **L4T Innovations LLC**
                                              1915 N. Valley View Dr.
                                              Saint Joseph, Michigan  49085
                                              Telephone: (312) 320-7587
                                              Email: laura@l4tinnovations.com
                                              ***Attorney for Plaintiff***

                                              *Admitted to the Eastern District of Texas